NEAL *v.* STATE.

Opinion delivered July 13, 1931.

204

*Reinberger & Reinberger,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

BUTLER, J. The appellant, Emma Neal, was tried and convicted in the Jefferson County Circuit Court on a charge of keeping a disorderly house and has appealed to this court. The sole ground urged for reversal is that the proof is not sufficient to warrant conviction. The rule is laid down in the case of *Thatcher* v. *State,* 48 Ark. 60, 2 S. W. 343, where the court said: "The keeping of a common gaming house, bawdy house, disorderly ale house or inn, or any other disorderly house is a common-law offense on account, among other reasons, of its influence upon the public morals. The keeping of a disorderly house may consist in allowing the place to be so noisy and disorderly as to disturb the public peace and annoy the neighborhood. But it is not necessary to show such noise in all cases, because the keeping of such house may consist, in its drawing together idle, vicious, dissolute or disorderly persons engaged in unlawful or immoral practices, thereby endangering the public peace and promoting immorality. Such houses are prohibited, not only on account of noise, but because of their tendency to promote immorality and lead to breaches of the peace. 'If the doors of a house,' it is said, 'are practically open to the public, alluring the young and unwary into it, to indulge in or witness anything corrupting to their virtue or general good morals, the keeper cannot excuse himself by alleging that the public is not disturbed.' "

The testimony introduced at the instance of the appellant tended to show that she was a woman of family who made her living by taking in sewing, embroidery, and such like work, and supplemented her earnings by

keeping boarders; that she was a woman of good reputation, and that those who lived in the vicinity of her residence had not been disturbed by any disorderly conduct at her place of abode. A number of witnesses testified as to visiting her house both in the daytime and at night, and had seen nothing to indicate that she was engaged in any unlawful or vicious courses, or that she permitted others so engaged to frequent her house. In short, the testimony introduced in appellant's behalf tended to fully exculpate her from the charge made. A number of local officers in the city of Pine Bluff and Jefferson County, however, testified that they had made frequent raids on appellant's house, some of these stating that they had found no whiskey but a number of containers in which whiskey had been kept, and others stating that whiskey and home brew had been found. It was in testimony that on various occasions officers had found men and women there who had been imbibing freely of liquor. In the summer before the appellant's arrest an officer had broken up 500 bottles of home brew and some crocks. A number of men known to the officers to be idle and vicious frequented the place, and on several occasions some of these men had been found by the officers in bed with women who frequented appellant's house. Poker chips and other articles used in gaming were found on the premises, and at a dance which occurred at the time of a raid on the house prior to the trial, liquor was thrown into a stove and a pistol shot fired and a number of people were arrested.

The officers testified that the home of appellant had the general reputation of being a disorderly house. This testimony was in conflict with the evidence adduced on the part of the appellant. It tended to establish the truth of the charge and brings the case within the doctrine announced in *Thatcher* v. *State, supra*. The jury are the sole judges of the credibility of the witnesses, and in all cases where there is substantial evidence to support the verdict of the jury it is conclusive.

The judgment of the trial court must therefore be affirmed. It is so ordered.